CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 20 2013

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES DOWDELL, | ) |
| | ) Civil Action No. 7:12CV00516 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) By: Hon. Glen E. Conrad |
| LOVE'S TRAVEL STOP, | ) Chief United States District Judge |
| | ) |
| Defendant. | ) |

Charles Dowdell, proceeding pro se, filed this premises liability action in the Circuit Court of Carroll County against Love's Travel Stop ("Love's"). Love's removed the case to this court on the basis of diversity jurisdiction, and then moved to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the court will grant Love's motion to dismiss, but permit the plaintiff to file an amended complaint.

## Background

According to the complaint, Dowdell sustained a personal injury while on the premises of Love's in Lambsburg, Virginia on April 10, 2011. The complaint contains no other allegations regarding the incident, other than the fact that Dowdell "is still under doctor's care and experiencing a great deal of pain and discomfort." (Docket No. 1-2 at 1.)

In his brief response to the pending motion, Dowdell argues that Love's "did not show proper reasonable care and responsibility to [his] safety while using [its] facilities." (Docket No. 10 at 1.) However, the response contains only one additional factual allegation. Dowdell states that "[b]y not providing a shower curtain and floor covering [the defendant] allowed water to cover

the area of the floor in excess of what would be considered normal with facilities that provide shower curtains and floor covering[s]." (Docket No. 10 at 1.)

## Standard of Review

Love's has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). When reviewing a complaint under this rule, the court must accept all of the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Id. at 244. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." Id.

## Discussion

When a federal court's jurisdiction rests on diversity of citizenship, the court must apply the substantive law of the forum state, including the forum state's choice of law rules. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Ferens v. John Deere Co., 494 U.S. 516, 519 (1990). Virginia follows the lex loci choice of law doctrine, which applies the substantive law of the place of the wrong. Frye v. Commonwealth, 345 S.E.2d 267, 272-73 (Va. 1986). Because the injury in this case happened in Virginia, any potential liability is governed by Virginia law.

Under Virginia law, "negligence cannot be presumed from the mere happening of [an] accident." Murphy v. J.L. Saunders, Inc., 121 S.E.2d 375, 378 (Va. 1961). Instead, the burden is

on the plaintiff to show "that the defendant breached some duty which it owed the plaintiff, and caused, by such breach, [the plaintiff's] injury." Colonial Stores Inc. v. Pulley, 125 S.E.2d 188, 190 (Va. 1962).

In Virginia, business owners are not insurers of their invitees' safety, but must use ordinary care to render their premises reasonably safe for their invitees' visits. Fultz v. Delhaize Am., Inc., 677 S.E.2d 272, 274 (Va. 2009). "Ordinary care" means having the premises in a reasonably safe condition; removing, within a reasonable time, substances and foreign objects from the floor when the owner knows or should know of their presence; and warning unknowing customers of unsafe conditions of which the owner knows or should know. Winn-Dixie Stores, Inc. v. Parker, 396 S.E.2d 649, 650 (Va. 1990).

When there is no evidence that the business owner caused the unsafe condition at issue, the plaintiff must establish that the defendant had actual or constructive knowledge of the unsafe condition and failed to remedy it within a reasonable time or warn the plaintiff of its presence. Grim v. Rahe, Inc., 434 S.E.2d 888, 889 (Va. 1993). "[C]onstructive knowledge or notice of a defective condition of a premise or a fixture may be shown by evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." Id. at 890.

Finally, "[i]t is "incumbent upon the plaintiff to show why and how the accident happened." Murphy, 121 S.E.2d at 378. "If that is left to conjecture, guess or random judgment, the plaintiff is not entitled to recover." Id.

Applying these principles, the court concludes that Dowdell has failed to allege sufficient facts to state a claim of negligence against Love's. Dowdell has not alleged any facts that explain how the accident occurred. To the extent his response to the pending motion suggests that the

accident was related to excess water on the floor of the defendant's premises, Dowdell has failed to allege any facts which show that Love's knew, or should have known, of the presence of the unsafe condition, and failed to remedy it within a reasonable time or warn him of its existence. Without such allegations, the court is unable to draw a reasonable inference that the defendant is liable for Dowdell's injuries. Accordingly, the court agrees with the defendant that the complaint fails to state a plausible claim for relief. See Iqbal, 556 U.S. at 678.

## Conclusion

For the reasons stated, the court will grant the defendant's motion to dismiss. However, the court will permit the plaintiff to file an amended complaint within fourteen days of the date of entry of this memorandum opinion and the accompanying order.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 19th day of February, 2013.

_____
Chief United States District Judge