CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 12 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES DOWDELL, ) | |
| ) | Civil Action No. 7:12CV00516 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By: Hon. Glen E. Conrad |
| LOVE'S TRAVEL STOP, ) | Chief United States District Judge |
| ) | |
| Defendant. ) | |

This case is presently before the court on the defendant's motion for judgment on the pleadings. For the reasons set forth below, the motion will be granted.

## Background

Charles Dowdell fell and injured his back while on the premises of Love's Travel Stop in Lambsburg, Virginia on April 10, 2011. The accident occurred in the shower area, which Dowdell entered as a "paying customer." (Am. Compl. at 2.) Dowdell alleges that the shower for disabled patrons had a shower curtain, hand rail, chair, and movable shower head, and that the regular shower "had none of these items for reasonable consideration or responsibility." (Id. at 1.) Dowdell further alleges that a pool of water extended six feet from the entrance to the regular shower, and that there were "[n]o signs posted to alert [him] that this was a possible problem." (Id.)

Dowdell's amended complaint* appears to assert claims under four federal statutes: the Developmental Disabilities Assistance and Bill of Rights Act of 1990, 42 U.S.C. §§ 15001-15115;

---

* The court previously dismissed the original complaint for failure to state a claim, and granted plaintiff leave to file an amended complaint.

the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651-678; the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213; and 42 U.S.C. § 1983.

The defendant has moved for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dowdell filed a response to the motion on May 23, 2013, in which he argues that he has cited "Statute[s] and U.S. Rule[s] to support this case." (Pl.'s Resp. at 1.) Neither side has requested a hearing on the motion. The matter is now ripe for review.

## Standard of Review

In reviewing a Rule 12(c) motion, the court applies the same standard that would apply to a Rule 12(b)(6) motion to dismiss for failure to state a claim. Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009). The court must accept all of the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Burbach Broad. Co. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002). In order to survive a motion for judgment on the pleadings, the complaint must contain facts sufficient "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

## Discussion

In moving for judgment on the pleadings, the defendant argues that Dowdell has failed to state an actionable claim for relief under any of the four statutes referenced in his amended complaint. For the following reasons, the court agrees with the defendant.

### I. The Developmental Disabilities Assistance and Bill of Rights Act of 2000

The Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("DD Act") is a funding statute that "offers States federal money to improve community services, such as medical care and job training, for individuals with developmental disabilities." Va. Office for Prot. &

Advocacy v. Stewart, 131 S. Ct. 1632, 1635-36 (2011). The DD Act "does not confer privately enforceable substantive rights." Duncan v. Johnson-Mathers Health Care, Inc., No. 5:09-CV-00417, 2010 U.S. Dist. LEXIS 75869, at *31 (E.D. Ky. July 28, 2010); see also Roa-Mendez v. Consejo Estatal Sobre Deficiencias En El Desarrollo, No. 11-1989CCC, 2012 U.S. Dist. LEXIS 133327, at *14 (D.P.R. Sept. 13, 2012) (holding that the DD Act creates no substantive rights and, thus, that a plaintiff is "not entitled to any cause of action" under the statute).

In this case, Dowdell does not allege that he suffers from any developmental disabilities. However, even if this were true, Dowdell would have no private right of action under the DD Act. Accordingly, the court must grant the defendant's motion with respect to this claim.

## II. Occupational Safety and Health Act of 1970

The Occupational Safety and Health Act of 1970 ("OSHA") was enacted "to reduce the alarming number of personal injuries and illnesses arising out of hazardous working conditions, and to assure safe and healthful working conditions for working men and women . . . ." Donovan v. Occupational Safety and Health Review Comm'n, 713 F.2d 918, 926 (2d. Cir. 1983) (internal citation and quotation marks omitted). Violations of OSHA are investigated and enforced by the Secretary of Labor. 29 U.S.C. §§ 657, 662, 666. "[T]here is no private right of action" under the statute. Scarborough v. Aegis Commc'ns Group, Inc., 217 F.3d 840, 2000 U.S. App. LEXIS 14321, at *2 (4th Cir. 2000); see also Gaines v. White River Envtl. P'ship, 66 F. App'x 37, 40 (7th Cir. 2003) ("[Plaintiff] cannot state a claim under OSHA because the statute offers him no private right of action.").

Here, there is no indication that Dowdell was working at the truck stop at the time of the incident. His amended complaint instead indicates that he entered the shower area as a patron.

3

Even if Dowdell was employed by the defendant, however, his complaint fails to state an actionable claim for relief under OSHA.

### III. Americans with Disabilities Act of 1990

The Americans with Disabilities Act of 1990 ("ADA") prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . ." 42 U.S.C. § 12182(a). To state a claim under this provision of the ADA, a plaintiff must allege facts sufficient to establish that: (1) he has a disability; (2) that the defendant is a place of public accommodation; and (3) that the plaintiff was denied full and equal treatment because of his disability. Blind Indus. & Servs. of Md. v. Route 40 Paintball Park, No. WMN-11-3562, 2012 U.S. Dist. LEXIS 172331, at *9 (D. Md. Dec. 5, 2012) (citing Roberts v. Royal Atl. Corp., 542 F.3d 363, 368 (2d Cir. 2008)).

Having reviewed the allegations in Dowdell's amended complaint, the court concludes that he has failed to state a claim under the ADA. The amended complaint does not allege that Dowdell was disabled at the time he entered the defendant's facilities, or that he was denied full and equal treatment on the basis of a disability. Instead, Dowdell claims that he was not afforded the same level of treatment as that afforded to disabled patrons. As such allegations do not give rise to a cognizable claim under the ADA, this portion of the amended complaint is also subject to dismissal.

### IV. 42 U.S.C. § 1983

In the final paragraph of the amended complaint, Dowdell asserts that he is proceeding under 42 U.S.C. § 1983. However, § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v.

Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Upon review of the amended complaint, the court concludes that Dowdell has failed to allege facts sufficient to establish either element. The court is aware of no authority to support the argument that the facts outlined in the amended complaint constitute a violation of a right secured by the Constitution or laws of the United States. In addition, the amended complaint provides no basis from which the court could conclude that the truck stop is a state actor for purposes of the statute. Accordingly, Dowdell's claim under § 1983 must be dismissed.

## Conclusion

For the reasons stated, the court will grant the defendant's motion for judgment on the pleadings. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 11th day of July, 2013.

_____
Chief United States District Judge

5